### RINEHART v CONN MUT LIFE INS CO

Ohio Appeals, 3rd Dist, Crawford Co
No 1279. Decided Mar 18, 1931

J. W. Jacoby, Marion, for Rinehart.
J. D. Sears, Bucyrus, for Ins Co.

KLINGER, J.

The defendant contends that the acceleration clause in the mortgage does not accelerate either the note set up in the first cause of action or the note set up in the second cause of action, and cites in support of his contention, the case of **McClelland v Bishop, 42 Oh St 113.**

Upon an examination of 42 Oh St 113, we fail to find any conclusion of the court that justifies the contention of plaintiff in error. The court did decide in that case,

"For the purpose of demand and notice

to charge indorsers, such notes are deemed to be due according to their terms, irrespective of such stipulation in the mortgage."

And further,

"The foreclosure of such a mortgage after default of payment of the first notes of the series, and payment thereof out of the proceeds of sale, is not a bar to an action to charge an indorser on one of the series subsequently falling due, who has had due notice of demand and non-payment."

And the court in this same case, in the fourth syllabus, laid down the law,

"Where there is a series of negotiable notes in the usual form, for distinct sums of money, payable at distinct and specified times in the future, with a mortgage to secure each, according to its tenor and effect, which contains a stipulation that if default be made in the payment of any one, 'then each and all should fall due, and this mortgage to become absolute as to all said notes remaining unpaid at the happening of such default.' HELD, that such stipulation relates to the remedy by foreclosure or other proceedings under the mortgage, and upon such default the mortgage may be foreclosed for the whole debt. It is a stipulation for the advantage of the mortgagee, and of full force as to a remedy on the mortgage, but does not operate to vary or extinguish the obligations expressed on the face of the notes themselves for general purposes."

Upon an examination of the authorities, we find there is a scarcity of authority in Ohio. However, **The Cincinnati Hotel Company v Central Trust, etc., Co., 11 O. D. Rep. 255,** and found also in **25 Cin Law Bull, 375,** supports the contention of the defendant in error. But while there is a scarcity of judicial expression on this particular subject in Ohio, there is ample authority found in many other states of the Union, as well as Federal decisions, supporting the contention that a stipulation in a mortgage, that, if a mortgagor shall fail to perform any of the conditions therein, such as failure to make due and prompt payment of any installment or part of the principal or interest, or neglect to pay taxes and assessments, or to keep the property insured, the entire principal sum shall become due and payable; or that the mortgagee may at his option declare it to be due and payable is, a legal and valid provision, in the absence of statutory restrictions. Such a stipulation is regarded not in the nature of a penalty or forfeiture, but as an agreement for an earlier maturity of the indebtedness. The fact that the notes secured by the mortgage do not contain an acceleration clause does not invalidate such provision in the mortgage. 41 Corpus Juris, §262, and cases therein cited.

Again, in §1025, the same authority holds an acceleration clause is effective although it appears in the mortgage and not in the note; or in the note and not in the mortgage; or only in a separate agreement.

The finding and judgment of the Court of Common Pleas, for the reasons above given, are affirmed.

Before JUDGES JUSTICE, CROW and KLINGER.