**EVILSIZOR, Plaintiff-Appellant, v. SPECKBAUGH et, Defendants-Appellees.**

Ohio Appeals, Second District, Miami County.

No. 448.   Decided September 23, 1949.

Michael E. Norris, Marie C. Schmuecker, Troy, for plaintiff-appellant.

Faust & Faust, Troy, for defendant-appellee.

**OPINION**

By THE COURT:

This is an appeal on questions of law from a judgment of the Common Pleas Court dismissing plaintiff's petition. The action was instituted by the plaintiff against defendant, Speckbaugh, and Peoples' Federal Savings & Loan Association, but as the Loan Association was the holder of a note secured by first mortgage, whose rights are not questioned by this appeal, we will restrict our consideration to the issue between Emmett T. Evilsizor, plaintiff-appellant, and B. G. Speckbaugh, defendant-appellee, and will refer to them as the appellant and appellee, respectively.

Appellant instituted his action against appellee to recover a money judgment on a note by reason of claimed default in payment of a monthly installment therein provided and to foreclose a mortgage on certain real estate of appellee, which mortgage had an acceleration clause providing that failure to pay a monthly installment due on said note should cause the whole of the remaining unpaid portion of said note to become due and payable. The second cause of action, which was to foreclose the mortgage, alleged that the mortgage contained a covenant whereby the appellee agreed to keep the premises insured in the sum of $5000.00 for the benefit of the plaintiff; that in default thereof appellant could procure the insurance at the expense of the appellee and that the appellant had caused the premises to be insured for one year for which he had paid a premium of $97.22. Appellant pleads that in addition to the amount due on the note, there is also due the sum of $97.22 which he had paid as premium on the insurance policy.

Appellee answered and after admitting the execution of the note and mortgage and the terms thereof, averred that the appellee was the owner of certain premises which were leased to the appellant at a rental of $165.00 per month, payable on the 15th of the month; that from the 5th of December, 1947 until November 19, 1948, Michael E. Norris was the trustee of appellee and in such capacity managed and controlled the leased premises, collected the rents and made disbursements thereof. It is further averred that it was the practice of the appellant and the trustee of appellee to pay the monthly installment due upon the note from the appellant to appellee between the 15th and 18th of each and every month upon and out of the receipts of the rental from the appellant. Appellee further avers, and it is not

disputed, that on the 20th day of December, 1948, he tendered to the appellant by registered mail $45.00 as a monthly installment for December and later in January, 1949, there was a tender to the appellant of the amount which he had paid for insurance on the rented premises. There is a further averment of facts by which it is claimed that appellant waived default if any in the payment of the installment due on the note.

The reply was a general denial that appellant had waived any of his rights under the note and mortgage.

Although there is no separate finding of law and fact, the judgment entry recites specifically the basis for the judgment in the finding that "Said defendant is not in default for payment of installments and insurance as alleged in said petition," and that, "there is no breach of said mortgage contract."

The note upon which the action was predicated was dated December 4, 1947, for the sum of $2950.00, payable three years after date, with interest at 5% per annum, with this clause, "Said note is payable at rate of $45.00 per month, payable each and every month," and further provided, "If said payment be not paid when due, then whole amount of note to become due and payable at once, at option of holder of this note." Credits for the monthly installments were made beginning January 15th and monthly thereafter not later than the 18th of any month which was in November, 1948.

The claim of the appellant is that a monthly installment was due from the appellee on his note on the 4th of December, 1948. It is the claim of appellee that he had all of the month of December to make payment of the monthly installment. The trial judge took this view of the issue and further was of opinion that the note was ambiguous and the parties had construed it to mean that payment could be made during the whole of the month succeeding the 4th day thereof. The court was also of opinion that because of the facts appearing it would be inequitable to decree foreclosure.

Manifestly, the parties had by practice paid and accepted payments from January to November inclusive, on or about the 15th of each month but if the appellant had the right by the language of the note to be paid the monthly installment on the 4th of each month, upon reasonable notice to the appellee of his purpose thereafter to insist upon such payment the practice theretofore followed would not bind the appellant to continue the arrangement. Appellee plead that he had had no notice of any intention on the part of the holder

of the note to exact payment of the installment due in December on the 4th day thereof. However, upon the trial, a letter was offered, dated November 26, 1948, in which the appellant notified the appellee that he would thereafter insist that the monthly installments be paid when due and that the next payment was due on the 4th of December and it was admitted by counsel that the appellee had received this letter.

The first question, therefore, is whether or not there was any basis for the determination that there was no default on payments on the note and this must be determined from the instrument itself if it can be done. The proviso is to effect that the note is payable at the rate of $45.00 per month, payable each and every month. This is the equivalent of saying that the note is payable at the rate of $45.00 per month each and every month after its execution. If the installment on the note dated November 4th was not payable on the 4th of December, there would be no payment in a month after the giving of the note. This would have been contrary to the expressed term of the note and its manifest meaning. Almost without exception the term "month" is held to mean "calendar month". The word, unexplained, is synonymous with calendar month. Where the word "month" occurs in the statute, it means a "calendar month," unless the contrary be particularly expressed. Kimball v. Lamson, 2 Vt. 138, 141. Webster's New International Dictionary defines calendar month as, "The time from any day of such a month to the corresponding day, if any; if not, to the last day of the next month". The cases cited by the appellant support this view.

But it is asserted that the appellant could have set off the monthly installment from his monthly rental payment as tenant of appellee. The cases are not in agreement as to this right, assuming that there was an indebtedness due and owing from the appellant to the appellee on the 4th of December. Baker v. Wilkes (Idaho) 51 A. L. R. 1256. Salinger v. Lincoln National Life Insurance Company, 52 Fed. (2d) 1080, annotated 80 A. L. R. 246. But the difficulty with appellee's position on this claim is that there was no cross indebtedness of the appellant on the 4th of December and no money in his hands which could properly have been withheld because he owed the appellant nothing until the 15th of December. Appellant's rent was due monthly in advance and his payment on November 15th was in full until the 15th of the succeeding month.

Appellee insists that if an installment was due on the note on the 4th of December it had been waived by prior conduct of the parties and the acceptance of the rent on the 15th of each month. The courts hold that a provision such as found in the note here will be enforced unless to do so would be unconscionable. Federal Land Bank v. Wilmarth (Ia.) 94 A. L. R. 1338; Graf v. Hope Building Corporation (N. Y.) 70 A. L. R. 984, 993.

There are facts appearing here which appeal to the sympathy of the court in favor of the appellee but that the conduct of the appellant, under all the circumstances appearing, was unconscionable we can not find. Fraud is not pleaded nor is it established if it had been set up. It is true that, in probability, the appellant knew or should have known that the appellee was in no financial condition to meet his December payment but this unfortunate condition would not preclude reliance upon the express language of the note. The trustee at no time prior to the termination of the trust represented the appellant and was not in position to bind him to any agreement had any been claimed. The payment and acceptance of the installments on the 15th seems to have been a mutual agreement but on the part of appellant was a concession for which there was no consideration and no consideration appears which would support the claim that appellant waived or was estopped to assert his right to insist upon payment of the $45.00 installments on the 4th of each month if a purpose so to do was made known to the appellee.

We can not find that the facts here appearing support the judgment for the appellee either upon the theory of estoppel or waiver by contract extending time of payment. See annotations to Tsesmelis v. Sinton State Bank, 85 A. L. R. 327; Fried v. Fisher 115 A. L. R. 152; Re. Campbell, 124 A. L. R. 1248.

We have searched this record with care and can find no support for the judgment when the conclusion is reached that there was a default upon the terms of the note, which default to us seems manifest.

The decree of foreclosure should have been entered in behalf of the appellant.

The court may very properly accord to the appellee a reasonable time under all the facts appearing in which he may exercise his equity of redemption. The time within which an order of sale is to be issued is largely within the discretion of the Judge making the order. **King v. Longworth, 7 Ohio 232; Owen v. Miller, 10 Oh St 148;** Stagg v. Harbeson, 13 O. Dec. Rep. 745, 2 C. S. C., R. 23.

We hold against the appellant on the claim that he was entitled to foreclosure because of the breach by appellee of his agreement to keep the property insured because the breach was not invoked as a basis for foreclosure.

The judgment will be reversed with instructions to enter judgment for plaintiff in accord with this opinion.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.