**In re Willie M. LAND, Debtor.**

**ADVANCE MORTGAGE CORPORATION,**
**Plaintiff,**

**v.**

**Willie M. LAND, et al., Defendants.**

**Bankruptcy No. B80–04053.**
**Adv. No. B81–0184.**

United States Bankruptcy Court,
N. D. Ohio, E. D.

Sept. 16, 1981.

Richard L. McNellie, Cleveland, Ohio, for plaintiff.

Elliott Ray Kelley, Cleveland, Ohio, for debtor-defendants.

### MEMORANDUM OF OPINION AND ORDER

JOHN F. RAY, Jr., Bankruptcy Judge.

This matter came on for hearing on the complaint of plaintiff, Advance Mortgage Corporation ("Advance"), for relief from stay imposed by Section 362 (11 U.S.C. § 362) of the Bankruptcy Code, in order to conclude the state court foreclosure action, the motion of Advance for summary judgment and briefs of counsel.

From the pleadings, the Court finds that:

1. On or about November 4, 1974, debtor, Willie M. Land, and his wife, Wanda L. Land, executed a mortgage note in the amount of $33,700.00 at nine and one-half percent interest, payable at the rate of $283.75 per month for a term beginning January 1, 1975, and ending November 1, 2004.

2. Said mortgage note was secured by a mortgage deed covering the premises known as 6688 Basswood Drive, Bedford Heights, Ohio.

3. Debtor defaulted in the payment of said note and mortgage on or about September, 1979, and there is now due and owing plaintiff the sum of $32,484.41, plus interest at nine and one-half percent per annum from September 1, 1979.

4. On August 14, 1980, plaintiff obtained a judgment and order of foreclosure against debtor and his wife in the Common Pleas Court of Cuyahoga County, Ohio, and said premises were sold by the Sheriff of Cuyahoga County on October 14, 1980.

5. On October 14, 1980, debtor filed his petition under Chapter 13 of Title 11 of the United States Code in this Court, and obtained an order of the Court restraining the confirmation of the Sheriff's sale.

6. The Chapter 13 plan submitted by debtor provides that the mortgage default will be cured by full payment of arrears within 36 months, and that current payments will be made outside the plan.

7. Since the filing of the Chapter 13 proceeding, Advance has not received payments either inside or outside the plan, and no payments have been tendered by debtor.

8. On February 12, 1981, Advance filed its complaint for relief from stay.

### Issue

May a Chapter 13 debtor attempt a cure of preacceleration mortgage default and effect a reinstatement of the original mortgage payment schedule where, prior to the filing of a Chapter 13 petition, a state court foreclosure proceeding had assayed and fixed the liability as the entire accelerated balance, and had caused the property to be sold at Sheriff's sale.

The note and mortgage executed by debtor and his wife, Wanda L. Land, on November 4, 1974, provided, in part, as follows:

"If any deficiency in the payment of any installment under this note is not made good prior to the due date of the next such installment, the entire principal sum and accrued interest shall at once become due and payable without notice at the option of the holder of this note..."

█ Advance declared the entire principal sum and accrued interest due and owing by the filing of its complaint for foreclosure. *Nixon v. Buckeye Building & Loan Company*, 18 Ohio L.Abs. 261 (Franklin County Common Pleas Court, 1934). The Ohio law is clear that once a default in payment has been made under the terms of a note and once the note has been accelerated, the mortgagee is entitled to judgment. *King v. Safford*, 19 Ohio St. 587 (1869); *Union Central Life Ins. Co. v. Curtis*, 35 Ohio St. 357 (1880); *Bradfield v. Hale*, 67 Ohio St. 316, 65 N.E. 1008 (1902); *Evilsizor v. Speckbaugh*, 55 Ohio L. Abs. 353, 88 N.E.2d 296 (Miami County Court of Appeals, 1949). *See McClelland v. Bishop*, 42 Ohio St. 113 (1884); *Rinehart v. Connecticut Mutual Ins. Co.*, 10 Ohio L.Abs. 57 (Crawford County Court of Appeals, 1931).

Debtor contends that his default on Advance's note and mortgage can be cured under Sections 1322(b)(3) and 1322(b)(5) [1] despite the fact that the plan does not provide for the payment of the total amount of indebtedness, which Advance contends is now due because of its election to accelerate the note.

The Court concludes that Section 1322(b)(3) has no application to the holder of a claim secured solely by a security interest in real property which is a debtor's principal residence.

Ohio Revised Code Section 2329.33 [2] gives a debtor a right of redemption after a fore-

---

1. Section 1322 of Title 11 provides, in part:
"(b) Subject to subsections (a) and (c) of this section, the plan may—

. . . . .

(2) modify the rights of holders of secured claims other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims;
(3) provide for the curing or waiving of any default;

. . . . .

(5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due;"

2. Ohio Revised Code Section 2329.33 provides:
"In sales of real estate on execution or order of sale, at any time before the confirmation thereof, the debtor may redeem it from sale by depositing in the hands of the clerk of the court of common pleas to which such execution or order is returnable, the amount of the judgment or decree upon which such lands were sold, with all costs, including poundage, and interest at the rate of eight per cent per annum on the purchase money from the day of sale to the time of such deposit; or, if it is made in vacation, to the first day of the next term, except where the judgment creditor is the purchaser, the interest at such rate on the excess above his claim. The court of common pleas thereupon shall make an order setting aside such sale, and apply the deposit to the payment of such judgment or decree and costs, and award such interest to the purchaser, who shall receive from the officer

closure sale, but before confirmation of said sale only by the payment in full of the amount of the judgment, plus all costs and interest. Section 1322(b)(5) of Title 11 has no application where the entire amount of the judgment plus all costs and interest become immediately due and payable because the final payment on the secured claim is due prior to the final payment under the Chapter 13 plan.[3]

■ Accordingly, it is the conclusion of this Court that after a judgment of foreclosure has been entered, a Chapter 13 plan, in order to satisfy the Code, must provide for the payment of that judgment in full over the life of the plan.

The Court further concludes that there is no genuine issue as to any material fact, and Advance's motion for summary judgment should be granted.

making the sale the purchase money paid by him, and the interest from the clerk. This section does not take away the power of the court to set aside such sale for any reason for which it might have been set aside prior to April 16, 1888."

3.  *See In re Robertson*, 4 B.R. 213, 6 B.C.D. 375, (D.Colorado 1980); *In re Taddeo*, 9 B.R. 299, 7 B.C.D. 422, (E.D.N.Y.1981); *In re Matter of LaPaglia*, 8 B.R. 937, 3 C.B.C.2d 717 (E.D.N.Y. 1981); *In re Soderlund*, decided August 25, 1981 (U.S.D.C., S.D.Oh., Case Number C–2–80–1080).