Nathan Adams, Trustee, v. Wm. R. Scales.

NATHAN ADAMS, Trustee, v. WM. R. SCALES.

1. SALE OF LAND BY AUCTIONEER. *When memorandum by, will take the case out of the Statute of Frauds.* The rule which holds the memorandum of an auctioneer sufficient to bind the parties to a sale of land and take the case out of the Statute of Frauds, contemplates an agent of both parties, with authority to act for the seller and buyer.
Cases cited: Story on Agen., § 127; 3 Pars. on Con., 11.

2. WHEN SUCH MEMORANDUM WILL NOT BIND. When the seller is himself present, directing and contracting the sale, and engages a crier simply to cry the property, and knock it off to the best bidder, the seller himself standing by and doing every thing else except simply crying the bids, this is not such a sale by an auctioneer as would give his memorandum the effect of constituting a contract. In such case the crier is merely an agent, with no other authority but that of securing bids and reporting the result to the seller.

3. TRUSTEE. *Sale by in pursuance of deed of trust. Within Statute of Frauds.* The Court is unable to see any reason why a sale made by a trustee, in pursuance of a trust deed, whether made publicly, by means of a crier, or privately, with the purchaser, should stand on any different footing, so far as the Statute of Frauds is concerned, from that made by the absolute owner.
Cases cited: Smith v. Arnold, 5 Mass., (C. C.) 420; Nichol v. Ridley, 5 Yerg., 65; 8 Ireld., 456.

4. MEMORANDUM IN WRITING. *What insufficient to satisfy Statute of Frauds.* Trustee divided land into lots, and under plat thereof on paper, which was exhibited to bidders at the sale, and employed a crier to sell the property. Lot No. 2 was knocked off to Scales, as the highest bidder. The Trustee, who was

present, made this memorandum in writing: "Lot No. 2, 113 acres. W. R. Scales, at $30 per acre."

*Held,* This memorandum by itself is insufficient to meet the requirements of the Statute of Frauds; nor does it refer on its face to other documents, such as plots, by which the defect could be supplied.

5. SAME. Seller of land can not act as agent for purchaser so as to bind him by any memorandum he might make and sign himself.

---

FROM GILES.

---

Appeal from the Circuit Court.    A. M. HUGHES, Circuit Judge.

TINNON, BROWN & McCOLLUM for Adams.

JAMES WILKES and ABERNATHY for Scales.

NICHOLSON, Ch. J., delivered the opinion of the Court.

Adams sued Scales for failing to complete his bid for a tract of land sold by Adams, as trustee, at public auction, at which sale Marks acted as crier, and Scales was the highest bidder—at $30 per acre. Upon Scales' refusal to carry out his bid, by executing his notes, according to the terms of sale, Adams again advertised and sold the land at $25 per acre. He then sued Scales for the difference in the two notes.

Scales relied on the plea, that the sale was void under the Statute of Frauds. On the trial the Court charged the jury: "That if the memorandum of the contract was signed by the auctioneer (J. M. Marks) immediately upon letting down the hammer, then it

would be a sufficient signing, under the Statute of Frauds, to bind the defendant. But if the jury should find that the memorandum was not made by said auctioneer, but by the plaintiff in the suit, the plaintiff can not recover, and it can make no difference whether the plaintiff, in making the memorandum, was acting in a judiciary capacity as trustee or otherwise. That the plaintiff, even if he acted as the auctioneer and crier, could not make a memorandum that would bind the defendant, so as to take the case out of the Statute of Frauds."

The jury found for defendant, and plaintiff has appealed.

The proof shows that Adams was trustee, with power to sell the lands; that he had had them surveyed into lots, and had plots prepared, showing the different sub-divisions, which were present for the inspection of bidders; and that the lands had been advertised and the terms of sale specified. Adams was present, directing and superintending the sale, but procured Marks to act for him, in crying the land and receiving public bids, in the character of auctioneer. Immediately after the lot bid for by Scales was knocked off to him, Adams made this memorandum: "Lot No. 2, 113 acres. Wm. R. Scales, at $30 per acre." This memorandum was signed by no one.

The question first presented is, whether Marks was such an auctioneer, in crying the land and knocking it off to the best bidder, as that his act in so doing

was binding on Scales, and took the case out of the Statute of Frauds? The rule, which holds the memorandum of an auctioneer to be sufficient to take the case out of the statute, contemplates an agent for both parties, with authority to act for the seller and buyer. But when the seller is himself present, directing and controlling the sale, and engages a crier simply to cry the property and knock it off to the best bidder, the seller himself standing by and doing every thing else except simply crying the bids, this is not such a sale by an auctioneer as would give to his memorandum the effect of constituting a contract. In such case the crier is merely an agent, with no other authority but that of receiving the bids and reporting the result to the seller. He has not the authority of an auctioneer—in the proper sense of the term—as applied to sales by auctions. Story on Agency, § 127. It is clear that Marks was not regarded as any thing but a crier by the seller of the land, for it appears that he did not even make the memorandum of the bid himself, but that it was made by Adams.

The next question is, whether a public sale of real estate by a trustee is embraced by the Statute of Frauds?

We are unable to see any reason why a sale made by a trustee, in pursuance of a trust deed, whether made publicly, by means of a crier, or privately, with the purchaser, should stand on any different footing, so far as the Statute of Frauds is concerned. The reason upon which judicial sales, and sales by sheriffs

Nathan Adams, Trustee, v. Wm. R. Scales.

under execution, are held not to be embraced by the statute, has no application to sales made by trustees, although made by receiving bids at public outcry. The reason, as given by Judge Story, in *Smith* v. *Arnold*, 5 Mass., (C. C.) 420, is, "that in sales directed in a Chancery Court, the whole business is transacted by a public officer under the guidance or superintendence of the Court itself. Even when the sale is made, it is not final until a report is made to the Court, and it is approved and confirmed." And in reference to sales by sheriffs, the reason of the rule, as stated in *Nichol* v. *Ridley*, 5 Yerg., 65, is, that "the return is a memorandum of sale, by authority of law, and can always be made available to the purchaser."

But when a trustee advertises and sells real estate, he is acting solely under the authority of the deed of trust, and not under the guidance or direction of a Court of Chancery, nor does he make any report to a Court for confirmation, or any return, by authority of law, which can be made available to the purchaser. The reason, then, upon which the exception rests, as to judicial sales and sales by sheriffs, wholly fails as to sales made by trustees, although made by public auction. It was so held in the case of ———— v. *Dowby*, 8 Ired., 456.

The next question is, whether the memorandum made by Adams was sufficient to take the case out of the statute? The memoranda is in these words: "Lot No. 2, 113 acres. W. R. Scales, at $30 per

acre." It is obvious that, taken by itself, this memorandum fails entirely to contain the requisites of the memoranda prescribed by the statute. Nor does it refer, on its face, to other documents, such as plats, etc., by which the defects could be supplied. But Adams, the trustee and seller of the land, could not be the agent of the purchaser, so as to bind him by any memoranda he might make and sign himself. 3 Pars. on Cont., 11, and notes, the purchaser not also signing the contract. It is clear, therefore, that Adams could not, by drawing up a regular deed the next day and tendering it to Scales, make it a valid contract to bind Scales.

We conclude there is no error in the judgment, and affirm it.