L. M. FORTNER

*v.*

W. B. WILKINSON, Trustee.

357 S.W.2d 63.

(*Jackson*, April Term, 1962.)

Opinion filed May 4, 1962.

JAMES M. THARPE, Memphis, for complainant.

JOHN S. PORTER, Memphis, for defendant.

Mr. Justice Dyer delivered the opinion of the Court.

The parties will be referred to in this opinion the same as in the trial court, that is L. M. Fortner as Complainant and W. B. Wilkinson, Trustee as Defendant.

On June 28, 1958 Complainant filed his original bill alleging Defendant as trustee under a certain deed of trust advertised in the Fayette Falcon a weekly newspaper published in Fayette County the sale of certain real estate in accordance with the terms of said trust deed. According to the advertisement the property was to be sold at the south door of the Courthouse in Somerville on May 16, 1958 commencing at 11:00 A.M.

The bill alleges Complainant was present at the sale and made the highest bid same being $700.00. He gave Defendant his check for this amount which was accepted, and also gave Defendant $4.05 for registration of the deed. The bill further alleges Defendant stated he would prepare a deed and have same registered.

On June 3, 1958 Defendant returned the money and advised Complainant he would not execute the deed, whereupon this bill was filed for specific performance with the funds tendered into Court.

The Defendant by demurrer pleaded the Statute of Frauds, (Section 23-201, T.C.A.) and alleged the bill shows on its face the contract of sale is verbal and therefore unenforceable. There are other grounds set out in the demurrer not necessary to note on this appeal.

The Chancellor in overruling the demurrer stated from an examination of the original bill it does not appear same contains any allegations the contract was oral or is oral. Thereupon Defendant filed a motion to require complainant to state with particularity the time, place and terms of the contract sued and whether or not the contract was in writing. The Chancellor allowed this motion.

The Complainant amended his bill alleging the placing of the notice of sale in the Fayette Falcon; the giving of his check to defendant for $700.00 the price bid at the sale, and the fact defendant wrote Complainant a letter when he returned said check.

The defendant again demurred to the bill as amended on the same ground as the first demurrer. The Chancellor sustained this demurrer dismissing the bill to which action complainant has seasonably appealed to this Court.

The assignments of error raise two questions, to-wit:

(1) That the Chancellor erred in requiring complainant to amend his original bill.

(2) That the Chancellor erred in sustaining the demurrer to the original bill as amended.

■ The Chancellor has control of the pleadings in a cause. Section 21-115, T.C.A. We find no error in the action of the Chancellor requiring complainant to state with particularity the terms of the contract sued on. The first assignment of error is overruled.

The position of defendant is the original bill as amended does not allege any written contract, memorandum or note signed by the defendant and since the Statute of Frauds has been plead by demurrer the Chancellor is correct in dismissing the bill.

From the brief of counsel for Complainant it does not appear he challenges the fact that a sale of land by a trustee under a trust deed would come within the purview of the Statute of Frauds; but rather the facts alleged in the original bill as amended are sufficient to satisfy the statute.

■ The sale of land by a trustee under authority of a trust deed is within the purview of the Statute of Frauds. *Adams, Trustee v. Scales,* 60 Tenn. 337.

■ We have carefully examined the original bill as amended and do not find the bill alleges any written memorandum whatever signed by the party charged, the Defendant.

Judgment affirmed.