**James B. WATSON, Jr., Trustee,
Plaintiff-Appellant,**

v.

**Charles M. McCABE et al.,
Defendants-Appellees,**

**Joe N. Butler, Jr. and Dorthy B.
Butler, Third-Party
Defendants-Appellees.**

**No. 75–1319.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 9, 1975.

Decided Dec. 18, 1975.
Rehearing Denied Jan. 22, 1976.

---

Fyke Farmer, Nashville, Tenn., for plaintiff-appellant.

David G. Gray, Hunter Short, Charles H. Anderson, U. S. Atty., Martha Johnson, Stewart Kresge, Nashville, Tenn., for defendants-appellees.

Before PHILLIPS, Chief Judge, and CELEBREZZE and PECK, Circuit Judges.

CELEBREZZE, Circuit Judge.

Appellant seeks reversal of the District Court's dismissal of his action seeking specific performance of an oral contract for the sale of realty and personalty. A brief summary of the facts will suffice as the facts are not in dispute and a thorough statement is contained in the District Court's opinion. *Watson v. McCabe*, 381 F.Supp. 112 (M.D.Tenn. 1974).

The Small Business Administration (SBA) held a second mortgage on the

property involved. The first mortgage was held by the Security Federal Savings and Loan Association of Nashville, Tennessee. Upon default of its second mortgage, the SBA foreclosed. Appellant was appointed substitute trustee by the SBA. In Tennessee, a deed of trust is generally used instead of the traditional mortgage. The legal title to the mortgaged property is conveyed to a trustee, coupled with a power of sale at public auction after due notice. Appellant, after advertising, sold the property at a public auction. Appellee McCabe, was the highest bidder. There was no written contract of sale and Appellant made no written memorandum to the effect that McCabe was the buyer. On the following day the trustee submitted a deed for delivery to McCabe. McCabe refused to pay the agreed price, because of a dispute or misunderstanding as to whether he was required to take the property subject to the first mortgage. The trustee then filed this suit for specific performance.

Appellant seeks reversal of the judgment of the District Court that specific performance was not proper because Appellant failed to comply with the Tennessee Statute of Frauds, T.C.A. § 23–201 (1955).[1]

Appellant urges resort to federal decisions for resolution of the issues raised in this appeal. Appellant first contends that due to the non-diversity posture of this case, we are not bound by Tennessee law. Appellant alternatively contends that this Court is not bound by Tennessee law because the Tennessee parol evidence rule is a rule of evidence and not of substantive law.

Application of the Rules of Decision Act,[2] 28 U.S.C. § 1652 (1970), does not depend on the jurisdictional basis of an action. See 1A J. Moore, Federal Practice, para. 0.305[3] at 3052–3053 (2d ed. 1974). The law to be applied by a federal court depends on the nature of the issue under consideration. If the issue is a federal matter, federal law will apply. If the issue concerns a non-federal matter, state substantive law applies.

The instant case involves the sale of Tennessee realty and application of the Tennessee Statute of Frauds. These are clearly non-federal matters. See Old Kent Bank and Trust Co. v. United States, 362 F.2d 444 (6th Cir. 1966).

The Tennessee Statute of Frauds requires that a contract for the sale of land or a memorandum sufficiently recounting the terms of that agreement be "signed by the party to be charged therewith, or some other person by him thereunto lawfully authorized." Tennessee is one of only two states in which "party to be charged" has been construed to mean the owner of the land or interest therein. Texas Co. v. Aycock, 190 Tenn. 16, 227 S.W.2d 41, 44 (1950). Tennessee courts have construed the statute in this manner for the reason that the statute "was adopted and enacted in Tennessee for the protection of the people, who owned the title to real estate." Irwin v. Dawson, 197 Tenn. 314, 273 S.W.2d 6, 7 (1955).

In Tennessee "the sale of land by a trustee under authority of a trust deed is within the purview of the Statute of Frauds." Fortner v. Wilkinson, 210 Tenn. 201, 357 S.W.2d 63, 64 (1962).

1. 23–201. Writing required for action.—No action shall be brought:
  \* \* \* \* \* \* \*
  (4) Upon any contract for the sale of lands, tenements, or hereditaments, or the making of any lease thereof for a longer term than one year; or
  \* \* \* \* \* \* \*
  Unless the promise or agreement, upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party to be charged therewith, or some other person by him thereunto lawfully authorized.

2. § 1652. *State laws as rules of decision*
  The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply. June 25, 1948, c. 646, 62 Stat. 944.

■ In his argument to this Court Appellant failed to specifically address himself to applicable Tennessee case law, although he did contend that Tennessee cases were "confused." In the District Court Appellant argued that his complaint in this action was a memorandum sufficient to take the parol contract for the sale of the property in question out of the Tennessee Statute of Frauds. The Tennessee Supreme Court in *Lambert v. Home Federal Savings and Loan Association,* 481 S.W.2d 770, 773 (1972), recounted the Tennessee rule as to what constitutes a sufficient memorandum for such purposes:

> The general rule is that the memorandum in order to satisfy the statute, must contain the essential terms of the contract, expressed with such certainty that they may be understood from the memorandum itself or some other writing to which it refers or with which it is connected, without resorting to parol evidence. A memorandum disclosing merely that a contract had been made, without showing what the contract is, is not sufficient to satisfy the requirement of the Statute of Frauds that there be a memorandum in writing of the contract.

The written memorandum, even if it fulfills the requirements as stated in *Lambert,* must be signed after the parol agreement and before suit is brought to enforce that agreement. *Hudson v. King,* 49 Tenn. 560 (1870); *Price v. Tenn. Products & Chemical Corp.,* 53 Tenn. App. 624, 385 S.W.2d 301, *reh. denied, cert. denied* (1964).

The complaint was signed by Appellant's attorney but was not signed by Appellant.

■ It has been held in Tennessee that an attorney has no right to purchase real estate for his client unless so authorized. *Washington v. Johnson,* 26 Tenn. 468 (1846). Thus the issue becomes whether Appellant's attorney was, for purposes of the Statute of Frauds, "lawfully authorized" by Appellant to execute a written memorandum of sale. In Tennessee, an agent's authority or the

evidence of his agency need not be in writing. *Texas Co. v. Aycock,* 190 Tenn. 16, 227 S.W.2d 41, 44 (1950). The person seeking to charge an alleged principal with the acts of an agent has the burden of proving agency. *Batey v. D. H. Overmyer,* 60 Tenn.App. 310, 446 S.W.2d 686, 693 (1969). The court in concluding that the complaint was not a sufficient memorandum of sale, noted that there was no proof of record that Appellant's attorney had been authorized to execute a memorandum of sale. As an alternative ground for its conclusion the District Court cited the holding in *Davis v. Ross,* 50 S.W. 650 (Tenn.Ch.App.1898). The *Davis* Court held that a complaint filed to disaffirm an oral contract for the sale of realty which set forth the contract terms and described the realty was nonetheless not a memorandum sufficient to satisfy the Statute of Frauds.

■ In light of the applicable case law and the dearth of evidence of record to support the alleged agency relationship between Appellant and his attorney, we affirm the judgment of the District Court.