**In re William W. WHITE, Sr. and Gloria F. White, Debtors.**

**William W. WHITE, Sr. and Gloria F. White, Plaintiffs,**

v.

**BANKERS MORTGAGE CORPORATION, formerly known as NCNB Mortgage Corporation, a corporation of the State of North Carolina, Defendant.**

Bankruptcy No. 81–97.
Adv. No. 82–38.

United States Bankruptcy Court,
D. Delaware.

June 10, 1982.

Michael P. Reynolds, Wilson & Whittington, P. A., Wilmington, Del., for defendant.

William W. White, Sr., Gloria F. White, pro se.

## MEMORANDUM OPINION

HELEN S. BALICK, Bankruptcy Judge.

The parties to this action were reversed in an earlier adversary proceeding. Bankers Mortgage Corporation had sought relief from the automatic stay for the purpose of proceeding with a mortgage foreclosure sale on the Whites' residential real estate. On February 17, 1982 before the conclusion of the trial, the Whites together with their counsel, counsel for Bankers Mortgage Corporation, and the trustee stipulated to a termination of the stay.

On May 7, the Whites filed a *pro se* motion for the issuance of a preliminary injunction under 11 U.S.C. § 105 to stop the sheriff's sale of their residential real estate scheduled for May 11 at the suit of Bankers Mortgage Corporation because they believe they now have a confirmable plan which is scheduled for hearing before this court on May 26. Consequently, we must look at that plan preliminarily to see if there is a

likelihood that it will be confirmed. The plan attempts to cure the default and reinstate Bankers Mortgage Corporation's mortgage.

On February 22 of this year, this court held that there could be no cure and reinstatement of a mortgage after a judgment of foreclosure had been entered because under Delaware law the mortgage is merged in that judgment. Although that holding was in a Chapter 11 case, the same result would ensue in a Chapter 13 where a judgment of foreclosure had been entered. The policy reasons for such a conclusion as stated by Judge Goetz in *In re: Pearson,* Bkrtcy. 10 B.R. 189, cannot be improved upon and I adopt them in this instance.

Thus, any Chapter 13 plan which attempts to cure and reinstate a mortgage following the entry of a judgment of foreclosure cannot be confirmed. In such a situation the plan would have to deal with payment of the full amount of the judgment within the time period of the plan.

Bankruptcy courts do have the power to grant an injunction under § 105 if the evidence so warrants. But, where relief has been granted from the automatic stay, whether after trial or by agreement, § 105 should not be used to force a creditor back into a Chapter 13 situation. Consequently, the motion for a preliminary injunction must be denied.