In re John W. BRIGGS, Soc. Sec. No. 502–44–8038 and Diane S. Briggs, Soc. Sec. No. 502–46–0769, Debtors.

METROPOLITAN FEDERAL SAVINGS AND LOAN ASSOCIATION, Creditor-Appellant,

v.

John W. BRIGGS and Diane S. Briggs, Debtors-Appellees.

Bankruptcy No. 81–05419.
Civ. A. No. A3–82–1.

United States District Court,
D. North Dakota,
Southeastern Division.

Nov. 29, 1982.

David L. Johnson, DeMars & Turman, Fargo, N.D., for creditor-appellant.

Robert L. Stroup II, Patricia R. Ellingson, Nilles, Hansen, Selbo, Magill & Davies, Ltd., Fargo, N.D., for debtors-appellees.

MEMORANDUM OF DECISION
AND ORDER

BENSON, Chief Judge.

Creditor Metropolitan Federal Savings and Loan Association (Metropolitan) appeals a bankruptcy court decision which permitted Chapter 13 debtors John and Diane Briggs to deaccelerate a home mortgage debt, allowed for payment of defaulted payments under the reorganization plan, and reinstated the original terms of the mortgage with payments to be made outside of the plan.

*Background*

The facts are not in dispute. Metropolitan holds a mortgage, dated June 29, 1977, on the debtors' residence. The mortgage contains the following clause:

If any deficiency in the payment of any installment under this note is not made good prior to the due date of the next such installment, the entire principal sum and accrued interest shall at once become due and payable without notice, at the option of the holder of this note. Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default.

It appears that as early as December 1978, the Briggs fell behind in making monthly installment payments. The last payment received by Metropolitan was in April 1981 for the payment due in February 1981. On May 21, 1981, Metropolitan served the Briggs with a Notice Before Foreclosure indicating their intent to foreclose on the property. After failing in an attempt to reach an agreement with the Briggs to cure the deficiency, Metropolitan, in July 1981, declared the entire debt immediately due under the acceleration clause and filed a

foreclosure action in state district court. A hearing on Metropolitan's motion for a default judgment was set for September 15, 1981. On September 14, 1981, the Briggs, as joint debtors, filed a Chapter 13 petition with the bankruptcy court thereby staying the foreclosure proceedings.

The debtors' original Chapter 13 plan proposed to allow deacceleration of the debt, to require that the amount in default as of the time of the filing of the Chapter 13 petition be paid under the plan over a three year period, with interest on the deficiency balance to be assessed at the contract rate of 8½ percent, and to reinstate the mortgage on its original terms with payments to be made outside of the plan. The bankruptcy court denied confirmation of the plan but held that the mortgage could be reinstated on its original terms provided the debtors are required to pay the market rate of interest on the deficiency balance.[1] An amended plan providing interest at 16.5 percent on the defaulted payments was filed and an immediate appeal by Metropolitan followed. This court remanded the case to allow the bankruptcy court to act on the amended plan. The bankruptcy court confirmed the amended plan, but failed to certify the amended plan as part of the record on appeal. The amended plan was thereafter certified as part of the record on October 28, 1982.

The bankruptcy court's confirmation order provided that "the Debtors pursuant to 1322(b)(5) may cure the default and reinstate the mortgage on its original terms despite acceleration of the indebtedness." With reference to the indebtedness, the modified plan provides:

> During the course of this Plan, the Debtors shall maintain current out of the funds of the Debtors not committed to this Plan, contract payments to the Class 3 claimant. With respect to any contract payments that are in default, the allowed amount of such claim shall be cured by the Debtors in equal monthly install-

ments with interest on the unpaid balance at the rate of 16.5% per annum over a period of three years.

At oral argument on the appeal, it was brought out that at the time of the filing of the Chapter 13 petition the debtors were delinquent on seven monthly payments. Since the filing, fourteen additional monthly payments have become delinquent. In response to an inquiry from the court, debtor's counsel indicated it was the intention of the debtors that if the plan was confirmed, the pre-petition delinquency would be cured as provided in the plan but the post-petition delinquency would be cured by a lump sum payment with accrued interest. However, the plan does not specifically so provide.

The basic issue is whether, in a situation where a secured creditor following debtor's default has accelerated the debt on a real estate mortgage covering the debtor's principal residence and commenced foreclosure proceedings, a bankruptcy court on a Chapter 13 petition can de-accelerate the debt and allow the debtor to cure the default and thereby reinstate the mortgage indebtedness on its original terms.

11 U.S.C. Section 1322 is controlling and provides in pertinent part:

> (b) Subject to subsections (a) and (c) of this section, the plan may—
>
> (2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims;
>
> (3) provide for the curing or waiving of any default;
>
> .    .    .    .    .
>
> (5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on

---

1. The bankruptcy court also rejected the plan's proposal of a one percent payout to unsecured creditors as not being made in good faith.

which the final payment under the plan is due. . . .

Courts applying these provisions have reached conflicting holdings, *see, e.g., In re Hardin,* 16 B.R. 810 (Bkrtcy.N.D.Tex.1982); *In re Davis,* 16 B.R. 473, 8 B.C.D. 635 (D.C. D.Kan.1981); *In re Williams,* 11 B.R. 504 (Bkrtcy.D.Tex.1981); *In re Pearson,* 10 B.R. 189, 7 B.C.D. 567 (Bkrtcy.E.D.N.Y.1981). The bankruptcy court in confirming the plan relied principally on the reasoning and holding in *In re Taddeo,* 9 B.R. 299, 7 B.C.D. 422 (Bkrtcy.E.D.N.Y.1980). Since the bankruptcy court filed its decision, the *Taddeo* decision has been affirmed by the New York district court and the Second Circuit, *see In re Taddeo,* 9 B.R. 299, 7 B.C.D. 422 (Bkrtcy.E.D.N.Y.1980), *aff'd,* 15 B.R. 273, 8 B.C.D. 679 (E.D.N.Y.1981), *aff'd,* 685 F.2d 24 (2nd Cir.1982).

The *Taddeo* case does not appear to be distinguishable from the case now before this court. In *Taddeo,* the debtors defaulted on a home mortgage and the mortgagee, pursuant to a clause in the mortgage agreement, accelerated the debt and initiated foreclosure proceedings. The debtors filed a Chapter 13 petition thereby staying the foreclosure action. The bankruptcy court confirmed the debtors' plan which provided that the debtors could cure the default and reinstate their mortgage. The Second Circuit affirmed the plan and held that it was the intent of Congress to allow such treatment of home mortgage debts. This court, after attempting without much success to glean legislative intent from the Congressional reports, concludes that applying the *Taddeo* precedent to the instant case will achieve a just result if the plan is further modified so as to require the debtors to pay the post-petition delinquency in full, together with accrued interest at the rate of 16.5 percent, out of funds not committed to the plan.

The case is remanded to the bankruptcy court with directions to give the debtors an opportunity to modify the plan as suggested herein. If so modified, the order of the bankruptcy court is affirmed in all other respects. If not so modified, the stay will be lifted and the secured creditor allowed to proceed with the foreclosure.

IT IS SO ORDERED.