**In re Allan Scott FISHER, Debtor.**

**Bankruptcy No. 83–01836.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Dec. 20, 1983.

Allan Scott Fisher, Toledo, Ohio, pro se.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before this Court upon the Objection to Confirmation of the Debtor's Chapter 13 Plan. Although the Objection was filed prior to the Hearing on Confirmation, the Creditor appeared at the Hearing and argued the Motion. The Trustee has opposed the position taken by the Creditor, although he did not advocate his opposition on behalf of the Debtor. For the following reasons the Objection to Confirmation will be OVERRULED.

### FACTS

The Debtor executed a promissory note and mortgage in favor of the Creditor on January 16, 1973. On January 31, 1983, the Creditor initiated a foreclosure proceeding in the Lucas County Court of Common Pleas. At that time the Debtor was in arrears on the payments, although the number of overdue payments is unclear. This foreclosure action resulted in a judgment for the Creditor on August 1, 1983. The Sheriff's sale which was scheduled for November 18, 1983, was precluded by the filing of the Debtor's bankruptcy petition on October 19, 1983.

### LAW

The Creditor has argued that when a promissory note has been accelerated upon default pursuant to the terms of the note, the entire amount due on the note is the debt which must be paid during the course of a Chapter 13 Plan. He also argues that once a decree in foreclosure has been rendered there is no longer a debt on the note, inasmuch as the debt is a judgment obligation. These arguments are based upon the provisions of 11 U.S.C. § 1322(b) which state in pertinent part:

"Subject to subsections (a) and (c) of this section, the plan may—

(2) modify the rights of holders of secured claims other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims;

(3) provide for the curing or waiving of any default;

(5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due ..."

The Creditor contends that since the entire debt is due upon acceleration or judgment there is no final payment which is due subsequent to the completion of the Plan. Therefore, the authority to cure an arrearage as set forth in that section is inapplicable.

As pointed out in *Matter of Allen,* 17 B.R. 119 (Bkrtcy.N.D.Ohio 1981), a number of Courts have addressed this question and have reached "diametrically opposing" conclusions. While it is true that some decisions have reached the conclusion presently being advocated by the Creditor, *In re Soderlund,* 18 B.R. 12 (D.C.S.D.Ohio E.D.1981), *In re Land,* 14 B.R. 132 (Bkrtcy.N.D.Ohio E.D.1981), *Matter of Allen,* supra. *In re White,* 22 B.R. 542 (Bkrtcy.Del.1982), a significantly greater number of Courts have held against this position. *In re Taddeo,* 9 B.R. 299 (Bkrtcy.E.D.N.Y.1981), *In re Taddeo,* 685 F.2d 24 (2nd Cir.1982), *In re Rippe,* 14 B.R. 637 (Bkrtcy.S.D.Fla.1981), *In re Davis,* 15 B.R. 22 (Bkrtcy.Kan.1981), *In re Davis,* 16 B.R. 473 (D.C.Kan.1981), *In re Hardin,* 16 B.R. 810 (Bkrtcy.N.D.Tex.1982), *In re Smith,* 19 B.R. 592, 593 (Bkrtcy.N.D.Ga. 1982), *In re Gooden,* 21 B.R. 456 (Bkrtcy.N.D.Ga.1982), *In re Kokkinis,* 22 B.R. 353 (Bkrtcy.N.D.Ill.1982), *In re Young,* 22 B.R. 620 (Bkrtcy.N.D.Ill.1982), *In re Evans,* 22 B.R. 980 (Bkrtcy.S.D.Cal.1982), *In re Briggs,* 25 B.R. 317 (D.C.N.D.1982), *In re Acevedo,* 26 B.R. 994 (D.C.E.D.N.Y.1982). This listing is not intended to be exhaustive of the cases which have decided the issue.

It has also been decided that a decree in foreclosure does not preclude a debtor from curing his arrearages within a plan as long as the debtor has some interest in the property. *In re Hardin,* supra, *In re Gooden,* supra, *In re Kokkinis,* supra, *In re Young,* supra. In Ohio, a person retains a statutory right of redemption in property until an order of confirmation of sale has been entered. Ohio Revised Code § 2329.33. Therefore, the judgment of foreclosure does not sever all of a debtor's interests.

A prohibition against the curing of arrearages on an accelerated promissory note unfairly discriminates against Chapter 13 debtors owning property which secures such notes. As indicated in the decisions previously cited, the intent of Chapter 13 is to allow such debtors to pay their obligations over a period of time while remaining in possession of their property. If the entire amount of a note were due upon acceleration, it is doubtful that any Chapter 13 debtor would be able to pay off the debt on their residence within the course of even a five year plan. Effectively, this would deprive Chapter 13 home owners of any opportunity to keep their residence. Clearly, this result frustrates the intent of this chapter of the Code and creates an impermissable distinction between renting and homeowning debtors. Therefore, it must be concluded that in Ohio, a Chapter 13 debtor is entitled to cure, within his plan, the arrearages on an accelerated debt, and to reinstitute payments on the debt, provided that an order of confirmation of sale has not been previously entered.

In reaching this conclusion the Court has considered all the evidence and arguments of counsel, regardless of whether or not they were specifically referred to in this Opinion.

It is ORDERED that the Objection to Confirmation be, and it is hereby, OVERRULED.