**In re Genevieve THREET, Debtor.**

**Bankruptcy No. 85–02003.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Feb. 12, 1986.

Thomas Connolly, Toledo, Ohio, for debtor.

Anthony B. DiSalle, Toledo, Ohio, trustee.

David L. Honold, Toledo, Ohio, for Manufacturers Hanover & Robert Affeldt.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause comes before the Court upon the Motion for Relief from Stay and To Abandon Real Estate filed by Manufacturers Hanover Mortgage and Robert J. Affeldt. The parties have agreed that the issues addressed by this Motion are primarily issues of law which may be decided by the Court based upon the arguments asserted at the Hearing. The Court has reviewed those arguments as well as the entire record in this case. Based upon that review, and for the following reasons, the Court finds that the Motion should be GRANTED.

## FACTS

The Debtor is the owner of a parcel or real estate, against which the Movants have valid and perfected liens. At some time prior to the filing of the Debtor's Petition, she was subjected to a foreclosure action by the Movants in the Lucas County Court of Common Pleas. A judgment was rendered in that action and a foreclosure sale was held. The Debtor filed her voluntary Chapter 13 Petition with this Court on December 2, 1985. As of that time, the Court of Common Pleas had not yet entered an Order confirming the sale.

The Debtor has agreed that the Movants are entitled to relief from the automatic stay in all respects, with one exception. The issue under dispute is whether or not the Debtor, under the auspices of a Chapter 13 Petition, has the authority to modify the rights of a secured creditors after the creditor has foreclosed on its collateral and has conducted a foreclosure sale. Specifically, the Debtor contends that the point which terminates a Debtor's ability to modify the rights of a secured creditor is when the Order of Confirmation of Sale is signed. The Movants contend that the conclusion of a sale is the point at which the Debtor's rights under Chapter 13 are terminated.

## LAW

The provisions of 11 U.S.C. Section 1322(b) state in pertinent part:

Subject to subsections (a) and (c) of this section, the plan may—

(2) modify the rights of holders of secured claims other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims;

(3) provide for the curing or waiving of any default;

(5) notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due ...

Under these provisions a debtor may modify the rights of secured creditor and may "deaccelerate" a mortgage which has otherwise been foreclosed upon. *See, In re Fisher,* 35 B.R. 678 (Bkcy.N.D.Ohio 1983). However, the question which often arises

 

with the operation of this section, as it has in this case, involves a determination as to when the debtor's rights to property have been sufficiently extinguished so as to preclude the operation of Section 1322(b). In *Federal Land Bank of Louisville v. Glenn (In re Glenn)*, 760 F.2d 1428 (6th Cir.1985), it was held that the debtor's right of redemption, for purposes of Section 1322(b) are foreclosed when the sale of the property is completed. It should be noted that a petition for certiorari in *Glenn* was denied on October 7, 1985.

While it would appear that *Federal Land Bank of Louisville v. Glenn,* supra, would be dispositive of this case, the Debtor has argued that a foreclosure sale is not complete until such time as the Court enters an order confirming the sale. *See,* Ohio Revised Code Section 2329.31. In support of this argument, it is contended that inasmuch as a debtor's statutory right of redemption is not foreclosed until such time as the Court confirms the sale, the sale cannot be regarded as complete.

At first blush, it appears that the Debtor's argument bears merit. However, a further reading of *Glenn* finds that the Court dealt with a factual situation identical to the one in the present case. In considering those circumstances, the Court stated clearly that "[o]nce the property has been sold, the right to cure the default and reinstate the mortgage under Section 1322(a) ceases." This Court finds that this language should be interpreted to mean that once a buyer and seller have formed an enforceable contract, or at such time as "the hammer falls", a sale has been conducted. Pursuant to *Glenn*, that event precludes a debtor from an exercise of the authority to cure the default and reinstate the mortgage. Accordingly, it must be concluded that the Debtor's argument is without merit.

In reaching this conclusion the Court has considered all the evidence and arguments of counsel regardless of whether or not they are specifically referred to in this Opinion.

It is ORDERED that the Motion For Relief From Stay and To Abandon Real Estate be, and is hereby, GRANTED.