**In re Philip BURGESS and Dorothy Burgess, Debtors.**

**Bankruptcy No. 87–02970.**

United States Bankruptcy Court, N.D. Ohio, W.D.

March 23, 1988.

Robert W. Rowley, Toledo, Ohio, for movant.

Gary L. Howe, Toledo, Ohio, for debtors.

## OPINION AND ORDER GRANTING RELIEF FROM STAY

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon Western and Southern Life Insurance Company's motion for relief from stay and Debtors' opposition thereto. Upon consideration of the parties' memoranda in support of their respective positions, the court finds that Western and Southern Life Insurance Company's motion to grant relief from stay is well taken and should be granted.

## FACTS

On December 30, 1987, Debtors filed their voluntary petition under chapter 13 of title 11. On December 29, 1987, the day before Debtors' filed their petition, Western and Southern Life Insurance Company (hereinafter "movant") held a sheriff's sale of Debtors' real estate. Debtors' Memorandum in Support of Objection to Relief from Stay at 1. Movant filed the instant motion on February 1, 1988, requesting relief from stay in order to complete this sale. The attorney for movant is currently holding the sheriff's deed which was issued after that sale.

Debtors contend that 11 U.S.C. § 1322(b)(5) permits them to cure the default on their mortgage obligation by 60 monthly payments. The issue is whether Debtors may cure a default in a mortgage after sale of that property.

## DISCUSSION

Debtors' position is premised on 11 U.S.C. § 1322(b)(5) which provides that Debtors' plan may—

(5) Notwithstanding paragraph (2) of this subsection, provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the plan is due.

*In Re Glenn*, 760 F.2d 1428 (6th Cir. 1985), *cert. denied* 474 U.S. 849, 106 S.Ct. 144, 88 L.Ed.2d 119 (1985), is the leading case on this issue. That is, the issue before the *Glenn* court was the point in the foreclosure process at which a chapter 13 Debtor loses the right to cure a default on a real estate mortgage on his principle residence. 760 F.2d at 1429. The court held the date of the sale of the mortgaged premises as the cutoff date of Debtors' statutory right to cure a default. *Id.* at 1435.

The facts in *In Re Threet*, 60 B.R. 87 (Bkrtcy.N.D.Ohio 1986), are analogous to those in the instant case. That is, a foreclosure sale of Debtors' property had been held prior to the date of Debtors' petition. The issue before the *Threet* court was whether Debtor had authority to modify the rights of the secured creditor, under the provisions of chapter 13, after the creditor had foreclosed on its collateral and conducted a foreclosure sale. *Id.* at 88. Following *Glenn, supra*, the *Threet* court stated that

once a buyer and seller have formed an enforceable contract, or at such time as "the hammer falls", a sale has been conducted. Pursuant to *Glenn*, that event precludes a Debtor from an exercise of the authority to cure the default and reinstate the mortgage.

*Threet*, 60 B.R. at 89. The *Glenn* holding was also followed in *In Re Thomas*, 59 B.R. 758 (Bkrtcy.N.D.Ohio 1986), wherein the court stated that

in conformity with the ruling of the Sixth Circuit's effort to establish a common point along a foreclosure continuum by which no default can be cured, this court holds that the date of sale, as opposed to some other identifiable event, is the date beyond which it bars a Debtor from curing a default.

*Thomas*, 59 B.R. at 762.

In the instant situation, the sheriff's sale was held one day before Debtors filed their petition. In accordance with *Glenn, Threet* and *Thomas, supra*, Debtors may not attempt to cure the default in their mortgage obligations as the date of the sheriff's sale represents the date beyond which Debtors are barred from curing their default.

Debtors cite *In Re Taddeo*, 685 F.2d 24 (2d Cir.1982), *Grubbs v. Houston First American Savings Assoc.*, 730 F.2d 236 (5th Cir.1984) and *Matter of Clark*, 738 F.2d 869 (7th Cir.1984), in support of their position proposing to cure their default. Debtors' Memorandum in Support of Objection to Relief from Stay at 2. These cases, however, may be distinguished as Debtors, in those cases, filed their petitions in bankruptcy before the foreclosure sales had taken place. In the instant situation, the sale has taken place. The court, therefore, finds these cases inapposite.

In light of the foregoing, it is therefore

ORDERED Western and Southern Life Insurance Company's motion for relief from stay be, and it hereby is, granted.