In re Jerry B. **JOHNSON** and Brenda J. Johnson, Debtors.

Bankruptcy No. 94–02392–GP3–13.

United States Bankruptcy Court, M.D. Tennessee.

Sept. 2, 1994.

Christine Zellar, Clarksville, TN, for debtors.

Richard Clippard, Asst. U.S. Atty., Nashville, TN, for the Veterans Admin.

### MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

In *In re Glenn,* 760 F.2d 1428 (6th Cir. 1985), the Sixth Circuit held that a Chapter 13 debtor's power to cure defaults and reinstate a home mortgage under 11 U.S.C. § 1322(b)(5)[1] ends with the sale of the mortgaged property. These debtors filed Chapter 13 after a courthouse sale of their mortgaged homestead but before the recording of a trustee's deed to the successful purchaser. Because the "sale" occurred before the petition, these debtors are precluded by *Glenn* from curing defaults and reinstating the

1. 11 U.S.C. § 1322(b)(5) provides:
[N]otwithstanding paragraph (2) of this subsection, [a plan may] provide for the curing of any default within a reasonable time and main- tenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due.

mortgage. The following are findings of fact and conclusions of law. Fed.R.Bankr.P. 7052.

## I

Heritage Bank had a mortgage on the debtors' residence. The debtors defaulted. On April 8, 1994, Heritage Bank conducted a foreclosure sale at 10:45 a.m. on the steps of the Montgomery County Courthouse. Heritage Bank was purchaser with a high bid of $63,055. That afternoon, the debtors filed a Chapter 13 petition.

Heritage Bank recorded a trustee's deed on April 18, 1994, without actual knowledge of the debtors' bankruptcy. The residence was conveyed to the Veterans Administration, guarantor of the loan, by warranty deed recorded on April 20, 1994.

The debtors' Chapter 13 plan proposed to cure the prepetition defaults and reinstate the mortgage to Heritage Bank consistent with 11 U.S.C. § 1322(b)(5). The VA objected to confirmation, asserting that the debtors' power to cure defaults expired before bankruptcy.

## II

■ Although the courts in other circuits continue to struggle to identify the precise point in the deterioration of a home mortgage after which a Chapter 13 debtor cannot cure defaults and reinstate the original contract terms,[2] for nearly a decade it has been the rule in the Sixth Circuit that "sale" of the mortgaged property marks the boundary of the power in 11 U.S.C. § 1322(b)(5). *In re Glenn,* 760 F.2d 1428 (6th Cir.1985). Judge Engle admitted in *Glenn* that this "bright line" was a "pragmatic" result, based upon a balancing of the competing policies in Chapter 13 cases. *Id.* at 1435. The court explained that "the sale of the mortgaged property is an event that all forms of foreclosure, however denominated, seem to have in common." *Id.* Sale is a "measurable, identifiable event of importance in the relation of the parties" which happens "only after considerable notice giving the debtor opportuni-

ty to take action," whether to cure the default or file a bankruptcy petition. *Id.* at 1435–36. The Sixth Circuit noted that setting the cutoff point later in the foreclosure process "brings with it the very serious danger that bidding at the sale itself, which should be arranged so as to yield the most attractive price, will be chilled; potential bidders may be discouraged if they cannot ascertain when, if ever, their interest will become finalized." *Id.* at 1436.

The Sixth Circuit did not define "sale" for purposes of its *Glenn* holding. In this case, the debtors argue that no sale occurred because no deed was executed or recorded prior to the Chapter 13 petition. The debtors cite Tennessee cases holding that a foreclosure sale is not complete without a deed. *See, e.g., Fortner v. Wilkinson,* 210 Tenn. 201, 357 S.W.2d 63 (1962); *Jameson v. Kimbrough,* 209 Tenn. 519, 354 S.W.2d 458 (1962); *Howell v. Tomlinson,* 33 Tenn.App. 1, 228 S.W.2d 112 (1949). The Bankruptcy Court for the Western District of Tennessee, in an unreported opinion, analyzed Tennessee foreclosure law and concluded that the power to cure defaults in § 1322(b)(5) did not expire until consideration was paid and a trustee's deed delivered. *See Ferrell v. Southern Fin., Inc. (In re Ferrell),* Case No. 93–33162–K, Adv. No. 94–0154 (Bankr. W.D.Tenn. March 24, 1994).

The debtors' argument for reliance on Tennessee mortgage foreclosure law was rejected by the Sixth Circuit in *Glenn.* In *Glenn* Judge Engle took great care to define a federal rule for application of § 1322(b)(5) which was not dependent on state law. In selecting the foreclosure sale as the determinative event, he stated, "we avoid any effort to analyze the transaction in terms of state property law. Modern practice varies so much from state to state that any effort to satisfy the existing concepts in one state may only create confusion in the next." 760 F.2d at 1436. The *Glenn* opinion speaks in terms of "the date of sale," an "event" that "normally comes only after considerable notice."

---

**2.** *See, e.g., Oregon v. Hurt (In re Hurt),* 158 B.R. 154 (9th Cir. BAP 1993) (collecting recent cases and theories).

The *Glenn* court's emphasis on a "bright line" independent of state law is most consistent with the conclusion that "sale" means the public event which typically occurs at a courthouse. That event of sale is a point in time easily identified by debtors, lenders and bidders, unlike the elusive, often invisible moments at which other aspects of the transaction occur under state law or by local custom. Any later point in time would have precisely the effect feared by the Sixth Circuit in *Glenn*—chilling the interest of bidders at the sale.

Several reported decisions applying *Glenn* acknowledge that its federal rule for application of § 1322(b)(5) is independent of state law. In *In re Threet*, 60 B.R. 87 (Bankr. N.D.Ohio 1986), the court rejected a debtor's argument that a foreclosure sale was incomplete because it had not been confirmed by a state court as required by Ohio law. In *In re Thomas*, 59 B.R. 758 (Bankr.N.D.Ohio 1986), a different judge of the same court reached a similar holding, noting the difference between the finality of a sale under state law and sale as a federal bar date for curing mortgage defaults in Chapter 13 cases. *See In re Burgess*, 84 B.R. 104 (Bankr.N.D.Ohio 1988) (third judge in same district, following *Threet* and *Thomas*).

The foreclosure sale in this case occurred before the Chapter 13 petition. The high bid was made and accepted and an enforceable contract was formed on the morning of April 8. As stated in *Threet*, 60 B.R. at 89, "once a buyer and seller have formed an enforceable contract, or at such time as 'the hammer falls,' a sale has been conducted." These debtors lost their power to cure mortgage defaults under *Glenn* before they filed this Chapter 13 petition.

An appropriate order will be entered.