**2003–0560. Pratts v. Hurley.**

Ross App. No. 02CA2674, 2003-Ohio-864. On review of order certifying a conflict. The court determines that a conflict exists. The parties are to brief the issue stated in the court of appeals' Entry on Motion to Certify Conflict:

"The judges of this court find that the judgment upon which they have agreed is in conflict with the judgment pronounced on the same question by the Court of Appeals for the Third Appellate District in *State v. Brock* (1996), 110 Ohio App.3d 656, 675 N.E.2d 18, and *State v. Noggle* (June 24, 1999), Crawford App. No. 3–99–08.

"The rule of law on which the conflict exists is:

"When a defendant charged with an offense punishable by death waives his or her right to trial by jury and elects to be tried by the court, does the failure of the court to convene a three-judge panel, as required by R.C. 2945.06, constitute a lack of subject-matter jurisdiction rendering the trial court's

judgment void ab initio and subject to collateral attack in habeas corpus; or is the error one in the exercise of jurisdiction, which is waived if not raised on direct appeal, thereby foreclosing collateral attack in habeas corpus and/or making the defense of res judicata available to defend against the collateral attack?"

F.E. SWEENEY, J., dissents.

Cause consolidated with 2003–0392, *Pratts v. Hurley,* Ross App. No. 02CA2674, 2003-Ohio-864.