**NOT RECOMMENDED FOR FULL TEXT PUBLICATION**
File Name: 07a0741n.06
Filed: October 17, 2007

**No. 06-4532**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

JOHN WESLEY FRAZIER,

     Petitioner-Appellant,

v.

ERNIE MOORE, WARDEN,

     Respondent-Appellee.

         ON APPEAL FROM THE UNITED
         STATES DISTRICT COURT FOR THE
         SOUTHERN DISTRICT OF OHIO

_____/

BEFORE:    CLAY and GIBBONS, Circuit Judges; and HOOD, Chief District Judge.[*]

**CLAY, Circuit Judge.** In this appeal, Petitioner John Wesley Frazier ("Frazier") challenges the district court's denial of his petition for the writ of habeas corpus. The district court held that the petition was not filed within the statute of limitations. On appeal, Frazier argues that the one year statute of limitations, provided for in 28 U.S.C. § 2244(d)(1), does not apply to his petition because he is not in custody pursuant to a state court judgment. For the reasons that follow, we **AFFIRM** the district court's judgment.

**BACKGROUND**

_____

[*]The Honorable Joseph M. Hood, Chief United States District Judge for the Eastern District of Kentucky, sitting by designation.

Frazier was indicted in 1993 in Fairfield County on two counts of aggravated murder, in violation of Ohio Revised Code § 2903.01(A), with firearm and death penalty specifications, and one count of aggravated robbery, in violation of Ohio Revised Code § 2911.01, in connection with the attempted armed robbery of a Dairy Mart and the murder of Lancaster Police Officer Brett Markwood. On October 12, 1993, Frazier waived his right to a jury trial and pled guilty before a three-judge panel to one count of aggravated murder and aggravated robbery, with specifications. In return for this plea, the state agreed not to seek the death penalty. The three-judge panel then held a mitigation hearing in which it asked for clarification of the terms of the plea agreement. On October 19, 1993, the three-judge panel held oral argument and concluded that the plea agreement had to be rejected. The panel found that, because Frazier's plea was contingent upon the panel returning a sentence other than death, it was not knowingly, voluntarily, and intelligently entered into and was against public policy because it would preclude the panel from independently considering all possible sentences.

After the panel rejected the plea, Frazier filed a motion to dismiss the indictment, arguing that further prosecution would constitute double jeopardy. A hearing was held on January 24, 1994 before a new three-judge panel, after which the Court of Common Pleas denied Frazier's motion, concluding that jeopardy had not attached, and that the original panel had acted legally when it rejected Frazier's plea. The new panel also rejected the original plea agreement, which had again been presented to the panel.

Frazier brought an interlocutory appeal from the decision of the Court of Common Pleas. The state moved to dismiss the appeal on the ground that the denial of double jeopardy did not constitute

an appealable final order. On April 1, 1994, the Ohio Court of Appeals granted the state's motion

to dismiss. On August 31, 1994, the Ohio Supreme Court denied leave to appeal, and dismissed

Frazier's appeal. Frazier appealed to the United States Supreme Court, which denied certiorari.

*Frazier v. Ohio*, 513 U.S. 1167 (1995).

Frazier next sought relief by filing a federal habeas corpus petition in the United States

District Court for the Southern District of Ohio on July 24, 1995. On August 8, 1995, the district

court granted Frazier's motion to stay trial proceedings in the Ohio Court of Common Pleas. Frazier

alleged two grounds for relief, namely, the denial of pre-trial appellate review, and the substantive

issue of double jeopardy. On February 9, 1996, the district court conditionally granted the petition

for writ of habeas corpus, requiring that Frazier be sentenced on his aggravated murder conviction

to one of the sentences enumerated in Ohio Revised Code 2929.03(D)(3)(a) or (b), neither of which

included death. The district court specified that Frazier could be sentenced by a single judge rather

than a three-judge panel, and further ordered that, if the sentencing hearing was not held within 90

days or within a later date extended by the court, the district court would order that Frazier be

sentenced on the aggravated murder charge to the minimum term of life imprisonment with parole

eligibility after serving twenty full years of imprisonment.

On May 16, 1996, a single judge on the Ohio Court of Common Pleas held a sentencing

hearing pursuant to the district court's order.[1] The Court of Common Pleas accepted the plea

---

[1]Although the Court of Common Pleas obtained an extension from the federal district court, it did not necessarily consider the federal court order controlling:

> I would also like to say that this Court is of the opinion that the Federal Magistrate's order is so ludicrous that it would be laughable were this not such a serious matter.

bargain and proceeded to have the state read the terms of the plea into the record. Frazier reaffirmed that he understood that he was waiving his right to trial before a jury or three-judge panel pursuant to the plea agreement. He also reaffirmed his plea of guilty, and stated that such plea was given knowingly, voluntarily, and intelligently, after he had been advised of his constitutional rights. The Court of Common Pleas further accepted Frazier's written Reaffirmation of Plea Waiver and Consent to Take Judicial Notice of Previous Mitigation Hearing and ordered that those documents be made a part of the record. The Court of Common Pleas stated for the record that it was familiar with the prior mitigation hearing, and offered Frazier the opportunity to present additional mitigation evidence, which he declined.

After hearing argument from the state, Frazier, and victims, the Court of Common Pleas sentenced Frazier to imprisonment for 30 years to life without the possibility of parole for 30 years on the charge of aggravated murder, 3 years imprisonment on the firearm specification, to be served consecutively, and an indefinite term of 10 to 25 years on the charge of aggravated robbery, with the first 10 years of that sentence "to be served as a term of actual incarceration," meaning that the sentence would run consecutively to the other sentences. On May 24, 1996, the district court filed an Entry of Sentence Nunc Pro Tunc to that effect.

---

. . . [T]he Court questions the jurisdiction of the Federal Court in this matter. This Court is convinced that a Federal Magistrate has no authority to impose sentence on a state court charge, and you certainly don't need a law degree to understand that a federal magistrate or any other judicial officer cannot impose a sentence on someone who hasn't been convicted. As far as this Court is concerned, the order of the Federal Magistrate is a legal nullity and is in no way controlling on this case.

(J.A. at 229-30).

On March 18, 2002, Frazier, proceeding *pro se*, filed a motion for leave to file a delayed direct appeal. Frazier argued, *inter alia*, that the Court of Common Pleas lacked jurisdiction because it consisted of a single judge as opposed to a three-judge panel, in violation of Ohio Revised Code § 2945.06. On April 8, 2002, the Ohio Court of Appeals denied Frazier's motion. Frazier sought review from the Ohio Supreme Court which summarily denied leave to appeal and dismissed Frazier's appeal as not involving any substantial constitutional question.

Frazier next sought relief through state habeas corpus proceedings pursuant to Ohio Revised Code § 2725.01 *et seq.* He filed a petition for the writ of habeas corpus in the Ohio Court of Appeals on January 10, 2003, again arguing that the single-judge trial court lacked jurisdiction. In a lengthy and reasoned opinion, the Ohio Court of Appeals concluded that, though it was improper for a single-judge court to accept Frazier's plea of guilty, that error did not affect the Court of Common Pleas' subject matter jurisdiction, and thus did not entitle Frazier to relief on collateral review. Frazier appealed to the Ohio Supreme Court. On May 12, 2004, the Ohio Supreme Court issued a per curiam opinion denying Frazier's appeal. *State ex rel. Frazier v. Brigano*, 807 N.E.2d 346, 347 (2004) (per curiam). The Ohio Supreme Court reasoned that Frazier's case was controlled by its holding in *Pratts v. Hurley*, 788 N.E.2d 644, 646 (2003), where the court held that "an alleged violation of [Ohio Revised Code § 2945.06] is not a proper subject for habeas corpus relief and may be remedied only in a direct appeal from a criminal conviction." *Frazier*, 807 N.E.2d at 347 (citing *State ex rel. Collins v. Leonard*, 687 N.E.2d 443 (1997)). Frazier sought certiorari from the United States Supreme Court, which denied his petition on October 12, 2004. *Frazier v. Brigano*, 543 U.S. 934 (2004).

5

Frazier subsequently filed a second state petition for writ of habeas corpus in the Ohio Supreme Court. On October 26, 2005, the Ohio Supreme Court dismissed the petition *sua sponte*.

Frazier next sought relief by filing the instant petition for writ of habeas corpus in the United States District Court for the Southern District of Ohio on December 7, 2005. On April 26, 2006, Respondent moved to dismiss the petition as untimely. On August 17, 2006, the magistrate judge issued a report and recommendation that Respondent's motion to dismiss be granted. *Frazier v. Moore*, No. 2:05-cv-1112, 2006 WL 3146436, at *2-*10 (S.D. Ohio Oct. 31, 2006) (unpublished). The magistrate judge reasoned that Frazier's petition violated the statute of limitations of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d)(1), that the statute of limitations applied to Frazier notwithstanding the fact that he raised a jurisdictional defect, and that Frazier's equitable tolling arguments lacked merit. *Frazier*, 2006 WL 3146436, at *5-*9. On October 20, 2006, Frazier filed objections to the magistrate judge's report and recommendation. On October 31, 2006, the district judge issued an order that adopted and affirmed the magistrate judge's report and recommendation, overruled Frazier's objections, and dismissed the case. *Frazier*, 2006 WL 3146436, at *2. On November 20, 2006, Frazier filed a timely notice of appeal.

## DISCUSSION

**A.  Standard of Review**

In reviewing the denial of a habeas petition, we review a district court's legal conclusions *de novo* and its factual findings for clear error. *Broom v. Mitchell*, 441 F.3d 392, 398 (6th Cir. 2006); *Miller v. Collins*, 305 F.3d 491, 493-94 (6th Cir. 2002). Because the only issue on appeal is the

district court's interpretation of AEDPA's statute of limitations, our review is *de novo*. *DeCenzi v. Rose*, 452 F.3d 465, 467 (6th Cir. 2006).

**B.**     **Analysis**

The district court concluded that Frazier's habeas petition was untimely because it was barred by the statute of limitation under 28 U.S.C. § 2244(d). Section 2244(d)(1) states in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

Reviewing the facts of the case, the district court found that "[p]etitioner's conviction became final on June 15, 1996 – *i.e.*, thirty days after he was resentenced by the state trial court on May 16, 1996 – when the time period expired to file a timely appeal." *Frazier*, 2006 WL 3146436, at *7. Applying the one year statute of limitations to this date, the district court concluded that Frazier's time period for bringing a federal habeas challenge had expired on June 15, 1997 and, thus, his present petition was untimely. *Id.*

On appeal, Frazier argues that his habeas petition is not subject to the one year statute of limitations in 28 U.S.C. §2244(d). Frazier bases his argument on a strict reading of the statutory text of § 2244(d) which provides that the one year limitation period applies to "an application for a writ of habeas corpus by a person in custody pursuant to the *judgment* of a State court." (emphasis added). Frazier contends that he is not in custody pursuant to any *judgment* of a state court because he was never convicted of the charged offenses and because the procedure employed at his sentencing hearing was invalid. We find neither of these arguments convincing.

Frazier's primary argument is that the Ohio Court of Common Pleas' entry of sentence did not constitute a judgment because he was never convicted of the charged offenses. He contends that the Court of Common Pleas' indication that it was sentencing Frazier under the federal district court's order from Frazier's first habeas action meant that he was never found guilty of the instant offense. This argument lacks merit. The Court of Common Pleas' finding of guilt derives not from the federal district court's order, but instead from the fact that the Court of Common Pleas accepted Frazier's reaffirmed plea of guilty and waiver of his right to trial. The trial court's entry of sentence naturally followed from this finding of guilt.

Perhaps recognizing this problem, Frazier next argues that there was no judgment in his case because of the Court of Common Pleas' failure to comply with Ohio Revised Code § 2945.06. Section 2945.06 requires that "[i]f the accused pleads guilty to aggravated murder, a court composed of *three* judges *shall* examine the witnesses, determine whether the accused is guilty of aggravated murder or any other offense, and pronounce sentence accordingly." (emphasis added). *See also State v. Green*, 689 N.E.2d 556, 559 (Ohio 1998); Ohio Criminal Rule 11. Under this law, an Ohio trial court must determine whether the accused is guilty beyond a reasonable doubt when accepting his guilty plea. *Green*, 689 N.E.2d at 559.

Yet, even if Frazier is correct that a failure by the trial court to engage in such an inquiry means that his judgment was defective, that does not lead to the conclusion that there was no judgment for the purpose of § 2244(d)'s one year statute of limitations. Many of the petitions cognizable on federal habeas review challenge the validity of the underlying state court judgment. The fact that the state court judgment may have been procured in violation of state or federal law

does not, however, render the judgment null under § 2244(d). This is revealed by an examination of § 2244(d) and the practice that has developed thereunder. First, the language of the statute requires only custody "pursuant to the judgment of a state court." Nothing in the text requires that the judgment be valid under state or federal law.

Furthermore, the validity of a judgment as a matter of state law is for the state to determine. Federal courts only adjudicate questions of federal law. *See Bell v. Arn*, 536 F.2d 123, 125 (6th Cir. 1976). To the extent that Frazier claims that the Ohio judgment is invalid under state law, that claim is not cognizable on habeas review.

Finally, even assuming that Frazier is correct that the Court of Common Pleas' failure to make independent findings deprived him of his right to due process under the Fourteenth Amendment because he was not found guilty beyond a reasonable doubt, it would not follow that Frazier was not convicted pursuant to a state court judgment. Under § 2254, which likewise limits its coverage to petitions brought by persons "in custody pursuant to the judgment of a State court," petitioners raise numerous challenges to their sentences and convictions on due process grounds, yet the Court applies the strictures of § 2254 to these cases. *See, e.g.*, *Broom*, 441 F.3d at 406-07, 412, 415 (analyzing claims under AEDPA and rejecting various due process challenges). In order to constitute a "judgment" under §§ 2244(d) and 2254, a state court judgment need not be unassailable, or even *prima facie* correct. If a judgment that was procured by a procedure that violated federal constitutional rights were sufficient to render a petitioner not in custody "pursuant to the judgment of a state court" for the purpose of §§ 2244(d) and 2254, then the habeas regime embodied in these

provisions would be substantially undermined. Clearly this interpretation of these statutes cannot be correct.

In the present case, we find that the Ohio court's actions were sufficient to constitute a judgment for purposes of the one year statute of limitations of § 2244(d). At the sentencing hearing on May 16, 1996, Frazier reaffirmed his plea of guilty and again waived his right to a jury trial. The Court of Common Pleas accepted that such a plea was made knowingly, voluntarily, and intelligently. The court proceeded to pronounce a sentence which was then entered upon the court's docket sheet. On May 24, 1996, an Entry of Sentence Nunc Pro Tunc was made part of the record. In our view, these acts were sufficient to constitute a judgment.

As Frazier is in custody pursuant to a judgment of the Ohio courts, even if that judgment may not be valid under state law, he is subject to 28 U.S.C. § 2244(d)'s one year statute of limitations in filing his federal habeas petition. The statute of limitations for filing his habeas petition began to accrue on June 15, 1996 when the time for appealing his May 16, 1996 sentence elapsed. The statute of limitations period expired on June 15, 1997. Frazier did not file his petition in the instant case until December 7, 2005. Thus, the district court correctly concluded that Frazier's petition was untimely.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's denial of Frazier's petition for writ of habeas corpus.