NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0457n.06

**No. 11-3267**

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| ROBERT L. MACKEY, | ) |
| | ) |
| Petitioner-Appellant, | ) |
| | ) |
| v. | ) |
| | ) ON APPEAL FROM THE |
| WARDEN, LEBANON CORRECTIONAL | ) UNITED STATES DISTRICT |
| INSTITUTION, | ) COURT FOR THE SOUTHERN |
| | ) DISTRICT OF OHIO |
| Respondent-Appellee. | ) |

**FILED**
*May 09, 2013*
DEBORAH S. HUNT, Clerk

Before:      **KEITH, MARTIN, and ROGERS Circuit Judges.**

**PER CURIAM**. This case arises from the dismissal of a petition for a writ of habeas corpus

for untimeliness. A jury convicted Petitioner-Appellant Robert Mackey of various drug and weapon

charges in September 1998 in the Clark County Court of Common Pleas in Ohio ("CP"). Mackey

was seventeen years old when the CP sentenced him to a total of twenty-eight years of imprisonment.

[Pet. Br. 3]. The CP appointed trial counsel to continue to represent Mackey in his direct appeal.

Appointed counsel filed a timely notice of appeal in the Ohio Court of Appeals ("OCOA"). [R 4-2,

35–36; R 7-1, 8; Pet. Br. 3]. However, Mackey's counsel's performance subsequently fell below the

objective standard of reasonableness when she failed to pursue his direct appeal any further. The

OCOA dismissed Mackey's direct appeal in February 1999 for failure to prosecute. [R 4-2, 35–36].

Neither appointed counsel nor the OCOA notified Mackey that his appeal had been dismissed.

During the time that Mackey's appeal was pending and dismissed he was dealing with grave health

issues.

This case implicates almost fifteen years of procedural history from Mackey's cases in state and federal trial and appellate courts, as well as an intervening change in applicable state law. The procedural facts most important to this case are all a result of assistance of *pro bono* counsel to Mackey.[1] Those facts include Mackey's September 2007 motion to reopen his direct appeal under Ohio Rule of Appellate Procedure 26(B) filed in the OCOA; Mackey's June 2009 federal habeas petition filed in the District Court for the Southern District of Ohio ("federal district court"); and Mackey's February 2011 *de novo* resentencing in the CP. Mackey asserts several arguments that his 2009 federal habeas petition was timely based on either his original 1998 sentence or based on his 2011 *de novo* resentencing. [Pet. Br. 24, 30–31, 33–34, 40]. The state of Ohio's failure to provide Mackey with effective assistance of appellate counsel is deplorable. However, Mackey's habeas petition is barred by the statute of limitations. Accordingly, we **DENY** the petition for a writ of habeas corpus.

## BACKGROUND

The relevant facts are presented in chronological order. It involves switching contexts between procedure in state trial, state appellate, federal trial, and federal appellate courts.

*1998 Sentence in the CP and Direct Appeal in the OCOA*

On September 3, 1998 a jury in the CP convicted Mackey of various drug and weapon charges. [Rpdt. Br. 3]. That day, the CP sentenced Mackey to an aggregate sentence of twenty-eight years to run consecutive to a ten-year sentence from a previous prosecution. [Pet. Br. 3]. At the

---

[1]Mackey's counsel commendably took up his cause *pro bono* after learning about the history of his case while representing his brother in an unrelated matter.

1998 sentencing hearing, the CP failed to notify Mackey that he would be subject to mandatory post-release control terms. [Pet. Br. 13]. The CP appointed trial counsel to continue to represent Mackey in his direct appeal. [Pet. Br. 3]. Appellate counsel filed a timely notice of direct appeal, but failed to file any substantive briefs or pursue Mackey's direct appeal in any meaningful way. [Pet. Br. 3]. The OCOA dismissed Mackey's appeal for failure to prosecute on February 25, 1999. [Pet. Br. 4]. Neither appointed appellate counsel nor the OCOA notified Mackey that his appeal had been dismissed. [Pet. Br. 4]. While his direct appeal was pending and dismissed, Mackey was wearing a colostomy bag due to serious internal injuries sustained from gun shots. [R 7-1, 1–2]. He finally had surgery in December 2000, while incarcerated, to remove the colostomy bag. [R 7-1, 1–2].

*2007 Rule 26(B) Motion to Reopen Direct Appeal in the OCOA*

On September 12, 2007, through new *pro bono* counsel, Mackey filed a motion under Ohio Rule of Appellate Procedure 26(B) in the OCOA to reopen his case or reconsider the 1999 dismissal of his direct appeal. [Pet. Br. 4]. In his Rule 26(B) motion, Mackey asserted a claim for ineffective assistance of appellate counsel. [R 4-2, 37–44]. On June 11, 2008 the OCOA denied Mackey's motion as untimely with no good cause for the eight-year delay. [Pet. Br. 4–5]. On October 15, 2008, the Ohio Supreme Court ("OSC") dismissed Mackey's appeal of the denial of his Rule 26(B) motion "as not involving any substantial constitutional question." [R 4-2, 93].

*2009 Federal Habeas Petition*

Subsequently, on July 7, 2009, Mackey's *pro bono* counsel filed a habeas petition in federal district court, which is before us now on appeal. [R 1]. The 2009 habeas petition[2] was filed pursuant to 28 U.S.C. § 2254, claiming that Mackey was imprisoned pursuant to a judgment of state court contrary to federal law. Mackey's 2009 habeas petition claimed fifteen grounds for relief under the Constitution. [Pet. Br. 6–8]. In the ground that was eventually certified for appeal before us, Mackey asserted that he was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments because his appointed appellate counsel failed to file any substantive briefs or otherwise prosecute Mackey's direct criminal appeal, resulting in its dismissal by the OCOA. [Pet. Br. 6].

*2010 Motion for Resentencing in the CP and Intervening Change in Ohio Law*

On October 14, 2010, Mackey filed a motion in the CP, arguing that he was entitled to a *de novo* resentencing hearing. Mackey argued that his original 1998 sentence was void under Ohio law because it provided no notice of the mandatory post-release controls applicable to him. [Pet. Br. 9]. As of October 14, 2010, under *State v. Bezak*, 114 Ohio St. 3d 94, 2007-Ohio-0338, 868 N.E.2d 961, Mackey was entitled to a complete *de novo* resentencing hearing. *Id.* at ¶ 16. However, Ohio law changed on December 23, 2010, when the OSC overruled *Bezak* with *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-0897, 942 N.E.2d 332. *Fischer* held that, in cases like Mackey's, Ohio trial courts have limited authority to hold resentencing hearings only to the extent necessary to impose

_____

[2] Mackey filed another habeas petition in 2012 in federal district court, which is also currently pending before this Court. *See* Case No. 13-3072.

the mandatory post-release controls. *Id*. at ¶ 29. Despite *Fischer*, the state prosecution explicitly agreed that Mackey was entitled to a *de novo* resentencing hearing. The CP granted Mackey's motion and resentenced him *de novo* on February 4, 2011. [Pet. Br. 9–10]. At the *de novo* hearing the CP reconsidered Mackey's state court record, the principles and purposes of sentencing under Ohio Rev. Code § 2929.11, and the recidivism factors under Ohio Rev. Code § 2929.12 to resentence Mackey to twenty-eight years to run concurrent to his previous ten-year sentence, effectively reducing Mackey's incarceration by ten years. [R 27-1]. Although the CP resentenced Mackey *de novo* on February 4, 2011, Ohio law at the time only allowed resentencing to correct a technical error.

*2011 Rule 59(e) Motion to Amend or Alter District Court's Dismissal of Habeas Petition*

One week after Mackey's *de novo* resentencing in the CP, the federal district court granted Respondent's motion to dismiss on February 11, 2011, holding that Mackey's 2009 habeas petition was time-barred under 28 U.S.C. § 2244(d)(1)(A). Section 2244(d)(1) imposes a one-year statute of limitations from the finality of a state court judgment to file a petition for habeas relief under § 2254. Although the federal district court did not know that Mackey had recently been resentenced *de novo*, it explicitly relied on *Fischer* in its dismissal order to find the deficiencies of Mackey's 1998 sentence irrelevant to its calculation of the federal habeas statute of limitations.[3] [R 13, 6; R 17, 1; R 25, 19]. On March 11, 2011, Mackey filed a motion in the federal district court under Federal Rule of Civil Procedure 59(e) to alter or amend the dismissal of his habeas petition. [R 27].

---

[3] The federal district court only determined that the 2011 sentencing was immaterial for purposes of calculating the federal habeas statute of limitations under § 2244(d)(1)(A).

Mackey argued that because the CP had resentenced him *de novo* on February 4, 2011, his 2009 federal habeas case was within the one-year statute of limitations under § 2244(d)(1)(A). [Pet. Br. 47]. The federal district court denied Mackey's Rule 59(e) motion on June 30, 2011. [R 33].

Ultimately, the federal district court granted a certificate of appealability regarding the federal habeas statute of limitations under § 2244(d)(1)(A), Mackey's Rule 59(e) motion, and whether Petitioner was denied effective assistance of counsel when his appellate counsel abandoned his direct appeal in the OCOA.

## ANALYSIS

We turn first to the issues related to the habeas statute of limitations under § 2244(d)(1)(A), including Mackey's Rule 59(e) motion. Because Mackey's federal habeas petition is barred by the statute of limitations, we need not reach the merits of his claim that he was denied effective assistance of appellate counsel.

The federal district court dismissed Mackey's 2009 habeas petition holding that it was barred by the statute of limitations under §2244(d)(1)(A). On appeal, Mackey asserts several alternative arguments in support of his contention that his 2009 federal habeas petition was not time-barred. All of Mackey's arguments fall under two categories: either (1) that his 2009 habeas petition is not time-barred based on his original 1998 sentence or (2) that his 2009 habeas petition is not time-barred based on his 2011 *de novo* sentence. We review *de novo* a federal district court's dismissal of a petition for a writ of habeas corpus for failure to comply with the statute of limitations contained in § 2244. *Perkins v. McQuiggin*, 670 F.3d 665, 669 (6th Cir. 2012).

The Antiterrorism and Effective Death Penalty Act (AEDPA) governs this case. AEDPA establishes a general rule that there is a one-year statute of limitations for filing a habeas petition in federal court for persons in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d)(1). Subsection 2244(d)(1)(A) indicates that the federal habeas statute of limitations runs from the date on which the state court judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review, whichever is later. For petitioners who do not pursue direct appeals in a state's highest court, judgments become final for purposes of § 2244(d)(1)(A) when the time for seeking discretionary review in the state's highest court expires. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 653–54 (2012). The time limit to seek discretionary review in the OSC is forty-five days from the OCOA's decision. Ohio S. Ct. Prac. R. 6.01(A)(1).

The statute of limitations in § 2244(d)(1)(A) bars Mackey's federal habeas petition as untimely. The OCOA dismissed Mackey's direct appeal on February 25, 1999. Mackey never filed an application for leave to appeal that decision to the OSC. Consequently, Mackey's sentence became final due to the expiration of time to seek discretionary review on Monday April 12, 1999. Thus, for purposes of § 2244(d)(1)(A), Mackey's one-year limitation ran from April 12, 1999 and expired on April 12, 2000. Mackey filed this federal habeas petition on June 7, 2009, missing the deadline by almost a decade.

*Mackey's Arguments Pertaining to His Original 1998 Sentencing Hearing*

Mackey argues that his 1998 sentence was never a final appealable judgment under Ohio law, meaning that the federal habeas statute of limitations under § 2244(d)(1)(A) never began to run on the basis of his 1998 sentence because the time for review of that sentence never expired. [Pet. Br.

33–34]. This argument fails because, even if Mackey's sentence was not final under state law, finality for purposes of the federal habeas statute of limitations is different than finality for purposes of a direct criminal appeal under Ohio state law. The issue now before us is finality for purposes of the federal habeas statute of limitations contained in § 2244(d)(1)(A). Although Mackey's 1998 sentence was a nullity before *Fischer* for purposes of a direct appeal in Ohio courts, § 2244(d)(1) only requires that a person be "in custody pursuant to the judgment of a State court." Nothing in the federal habeas statute requires that a judgment be valid under state law. In a similar case, *Frazier v. Moore*, 252 F. App'x 1 (6th Cir. 2007), the federal habeas petitioner argued that the federal habeas statute of limitations in § 2244(d) had not run because his state court sentencing hearing was procedurally deficient under Ohio law. *Id.* at 4. This Court rejected that argument, reasoning that a judgment can be cognizable under § 2254 and § 2244(d)(1) even when it is in violation of state law. *Id.* at 4–5. Analogously, even if Mackey's original 1998 sentence was void under Ohio law, it was still cognizable under federal habeas law. To accept that Mackey's 1998 sentence was never cognizable under federal habeas review until it became a final appealable order under Ohio law would undermine the habeas regime embodied in § 2254. *Frazier*, 252 F. App'x at 5. If we accept that premise, then state courts could insulate themselves from federal habeas review by imprisoning defendants pursuant to enforceable, but technically invalid sentences. It is not the case that a deficiency under Ohio law of the 1998 sentence would have been fatal to a timely federal habeas petition by Mackey. Mackey's 1998 sentence was sufficient to constitute a judgment for purposes of § 2244(d)(1).

Mackey argues that *Frazier* is distinguishable from this case because Frazier's state court sentence was not void. [Pet. Br. 41]. However, in *Frazier* we assumed *arguendo* that Frazier had a defective state court judgment and still concluded that his federal habeas statute of limitations had run. *Id.* at 4–5. We reasoned that even if Frazier's state court judgment was invalid under Ohio law, that would not delay the federal habeas statute of limitations under § 2244(d)(1). *Id.*

Alternatively, Mackey argues that *Fischer* held that his 1998 sentence may be directly appealed "at any time," thus delaying the federal habeas statute of limitations indefinitely. [Pet. Br 42]. However, this argument is without merit because the federal habeas statute of limitations does not depend upon the particularities of state law procedure. Further, Mackey's argument mischaracterizes what *Fischer* actually held. *Fischer* stood for the premise that Ohio criminal defendants need not procure proper imposition of mandatory post-release controls before pursuing direct appeals or collateral attacks. *See State v. Gipson*, No. CA2011-02-015, 2011 WL 5357625, at *2 (Ohio Ct. App. November 7, 2011) ("*Fischer* stands for the premise that even when a portion of the sentence is void, the order is still final and appealable.").

### *Mackey's Arguments Pertaining to His 2011* De Novo *Resentencing Hearing*

Mackey argues that his February 2011 *de novo* resentencing is the correct and only starting point from which the federal habeas statute of limitations can run because the 2011 sentence is the only sentence applicable to him. [Pet. Br. 39–40]. We disagree. Assuming that the state court sentencing date is the relevant date for purposes of determining the federal habeas statute of limitations under § 2244(d)(1)(A), *Burton v. Stewart*, 549 U.S. 147, 156 (2007), the CP was only

able to resentence Mackey on February 4, 2011 to impose post-release controls. Therefore, Mackey's federal habeas statute of limitations still runs from his 1998 sentence.

Whether the CP was only able to impose post-release controls on Mackey on February 4, 2011 is an issue of Ohio law. *Fischer*, 128 Ohio St. 3d at ¶ 21; 942 N.E.2d at ¶ 21 (recognizing that Ohio courts' authority to sentence in criminal cases is limited by the people through the Ohio Constitution and by the Ohio legislature). Federal courts must use state law as the rules of the decision where issues of state law must be discerned. Rules of Decisions Act, 28 U.S.C. § 1652; *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *Watson v. McCabe*, 527 F.2d 286, 288 (6th Cir. 1975). Therefore, we apply Ohio law when we confront the question of whether the CP was only able to impose post-release controls on Mackey on February 4, 2011. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law . . . binds a federal court sitting in habeas corpus."); *Watson*, 527 F.2d at 288 ("Application of Rules of Decision Act . . . does not depend on jurisdictional basis of action.").

Here, Ohio law dictates that Mackey's federal habeas statute of limitations runs from his 1998 sentence. Under the OSC precedent in *Fischer* and its progeny, the CP was able to resentence Mackey only to impose post-release controls on February 4, 2011. *Fischer*, 128 Ohio St. 3d at ¶ 29; 942 N.E.2d at ¶ 29; *State v. Carr*, No. 24438, 2012 WL 1484205, at *3 (Ohio Ct. App. April 27, 2012) (citing *Fischer* to state that the scope of a resentencing hearing to correct an original sentence that omitted post-release controls is limited to imposition of those post-release controls). For the purpose of determining the federal habeas statute of limitations under § 2244(d)(1)(A), the 2011

sentence was *de novo* only as to the imposition of post-release controls.[4]  Therefore, the federal district court properly dismissed Mackey's 2009 habeas petition because none of his fifteen grounds for relief claimed that the imposition of post-release controls in 2011 was contrary to federal law.

In the alternative, Mackey relies on *Burton* and *Rashad v. Lafler*, 675 F.3d 564 (6th Cir. 2012) to argue that even if the 1998 judgment were operative for § 2244 purposes, the CP *reset* the federal habeas statute of limitations when it resentenced him in 2011.  [Pet. Br. 48; Pet. Ltr.].  In both *Burton* and *Rashad*, the petitioners' one-year federal habeas statutes of limitations ran from their state court resentencing dates, not their original sentencing dates.  *Burton*, 549 U.S. at 156; *Rashad*, 675 F.3d at 568.  Although the habeas petitioners in *Burton* and *Rashad* were also resentenced in state court, those cases are materially distinguishable from this case.  Both Burton and Rashad had obtained appellate vacation of their sentences in direct criminal appeals on the merits while proceeding as defendant-appellants in their respective state court systems and were subsequently resentenced on remand.  *Burton*, 549 U.S. at 150; *Rashad*, 675 F.3d at 566–67.  Mackey, on the other hand, obtained a *de novo* resentencing to remedy a technical error.

Because Mackey's *de novo* resentencing did not affect the federal habeas statute of limitations under § 2244(d)(1)(A), the federal district did not abuse its discretion when it denied Mackey's Rule 59(e) motion.  *Betts v. Costco Wholesale Corp.*, 558 F.3d 461, 467 (6th Cir. 2009) (stating that we review a district court's disposition regarding a motion to alter judgment pursuant to Rule 59(e) for an abuse of discretion).

---

[4] Our holding has no effect on the enforceability of the terms of the CP's 2011 *de novo* resentencing.  Rather, our determination is restricted to the calculation of the federal habeas statute of limitations under § 2244(d)(1)(A).

Although AEDPA requires us to deny Mackey's federal habeas petition on statute of limitations grounds, we are deeply disturbed by the facts of this case. The state of Ohio allowed Mackey to fall through the cracks in its system, essentially depriving him of a direct appeal of right. When his cause was subsequently taken up *pro bono* after a delay, Ohio shifted the blame for the delay to Petitioner by improperly imputing an affirmative duty on a lay child to ensure that the state provided him with effective assistance of appellate counsel. Further, the purpose of AEDPA is to advance "meaningful habeas review," *Hawthorne v. Schneiderman*, 695 F.3d 192, 200 (2d Cir. 2012) (Calabresi, J., concurring). Yet, the barriers that Mackey faced rendered federal habeas review illusory for him. Without minimizing the challenges of volume that state courts abide,[5] considering the impediments that Mackey faced, we would find it difficult to deny his Rule 26(B) motion to reopen his direct criminal appeal as the OCOA did. But that is not the task we are given under AEDPA review. Although we sympathize with Mackey's position, we are bound by AEDPA's statute of limitations to deny his petition.

Since we hold that § 2244(d)(1)(A) bars Mackey's habeas petition as untimely, we decline to discuss at length the legal implications of the fact that Mackey's counsel's performance fell below the objective standard of reasonableness.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**.

---

[5] Relatedly, it is worth noting that the OCOA's denial of Mackey's Rule 26(B) motion has so far yielded an appeal to the OSC (Case No. 2008-1476), two federal habeas petitions (Case Nos. 09-00255 and 12-00073), and two federal habeas appeals (Case Nos. 11-3267 and 13-3072) rather than allowing the direct appeal Mackey was originally granted and for which Ohio saw fit to appoint him counsel.